UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**OFFICER JOHN DOE SMITH**  CIVIL ACTION

**VERSUS**

**DERAY MCKESSON, ET AL.**  NO.: 17-00429-BAJ-RLB

RULING AND ORDER

After the Court issued an **Order to Show Cause Why This Action Should Not Be Dismissed for Failure to State a Claim (Doc. 42)**, the Court provided Plaintiff's Counsel an opportunity to file a response, (Doc. 48). Two of the named Defendants, DeRay McKesson and Johnetta Elzie, had previously filed Motions to Dismiss (Docs. 37, 38) to which Plaintiff's Counsel responded, (Docs. 46, 47). Also pending before the Court is a Motion to Proceed under Fictitious Names filed by Plaintiff's Counsel (Doc. 2).

Before addressing the merits of the case, the Court must express its admiration and deepest sympathies for Officer John Doe Smith, who was grievously injured while protecting the citizens of Baton Rouge. That he suffered and continues to suffer from the injuries he sustained in the line of duty is not in question, nor should it be minimized. Nothing in the Court's ruling impugns the character and courage of Officer Smith.

Despite the tragic events that gave rise to Officer Smith's injuries, however, Plaintiff's Counsel has utterly failed to state a plausible claim for relief against any

named Defendant in this matter. Instead, Plaintiff's Counsel launches a confused attack against "Black Lives Matter" and other Defendants in this suit, whom she alleges are inspired by "a radical feminist and Marxist revolutionary." (Doc. 48 at p. 10). For the following reasons, this action is **DISMISSED WITH PREJUDICE**.

## I.  BACKGROUND

This is Plaintiff's Counsel's second attempt to hold McKesson and "Black Lives Matter" liable for injuries sustained by Baton Rouge Police Officers. *See Doe v. McKesson*, No. 16-742, ___ F. Supp. 3d ___, 2017 WL 4310240 (M.D. La. Sept. 28, 2017). On July 17, 2016, Officer Smith and other law enforcement officers were ambushed by an individual who, as Plaintiff's Counsel noted in her Motion for Leave of Court to Proceed as John Doe (Doc. 2), "has not been shown to be a member of BLACK LIVES MATTER" because "[t]he shooter was outraged with the Alton Sterling shooting," (*Id.* at ¶ 7). Officer Smith was seriously injured (*see* Doc. 1 at ¶¶ 66–83), three other officers were killed, (Doc. 2 at ¶ 7).

Defendants in this action are DeRay McKesson and Johnetta Elzie, who Plaintiff's Counsel claims are leaders of "Black Lives Matters"; "Black Lives Matter," which Plaintiff's Counsel alleges is a national unincorporated association; Black Lives Matter Network, Inc., a Delaware corporation; "#BlackLivesMatter," which is alleged to be a national unincorporated association; and Alicia Garza, Patrisse Cullors, and Opal Tometi, who are alleged to be founders and leaders of "Black Lives Matter." (Doc. 1 at ¶ 3).

2

## II. PROCEDURAL HISTORY

On July 7, 2017, Plaintiff's Counsel filed suit against Defendants in this matter. (Doc. 1). On September 12, 2017, Defendants DeRay McKesson and Johnetta Elzie filed separate motions to dismiss. (Docs. 37; 38). On September 28, 2017, the Court issued its ruling in the related case *Doe*, 2017 WL 4310240. On October 4, 2017, the Court issued a show cause order, notifying Plaintiff's Counsel of its intention to dismiss this action *sua sponte* for failure to state a claim. (Doc. 42). The Court provided Plaintiff's Counsel with ten days to respond. (*Id.*). Plaintiff's Counsel requested an extension of time to respond. (Doc. 43). After considering the request, the Court provided Plaintiff's Counsel an additional ten days to respond. (Doc. 45). Plaintiff's Counsel timely filed a response. (Doc. 48).

## III. LEGAL STANDARD

A district court is empowered to dismiss a complaint *sua sponte* for failure to state a claim. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). Before granting *sua sponte* dismissal, the court must provide the parties with "both notice of the court's intention and an opportunity to respond." *Id.* (quoting *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)).

Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Thus, a complaint need not set out "detailed factual allegations," but a complaint must contain something more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). When conducting its inquiry, the Court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and therefore "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive dismissal. *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

All of Plaintiff's Counsel's allegations against Defendants suffer from the same deficiency: the facts pleaded do not give rise to a plausible inference that Defendants are liable for the conduct alleged. *See New Orleans v. Ambac Assur. Corp.*, 815 F.3d 196, 200 (5th Cir. 2016). Plaintiff's Counsel's rambling Complaint focuses almost exclusively on events in other states, in other cities, and at other periods of time entirely unconnected to the shooting that gave rise to this cause of action. (*See* Doc 1 at ¶¶ 5–63, 87–100). To the extent the Complaint describes allegations against named Defendants, such general allegations consist either of protected free speech activity or wholly conclusory statements that do not meet the plausibility standard required to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678.

### 1. *Negligence*

Plaintiff's Counsel brings negligence claims against Defendants based on direct liability and respondeat superior, claiming that Defendants "knew or should have known that violently mentally disturbed persons would be aroused by their call to violence and retribution to police for the death of black men." (Doc. 1 at ¶ 111(o)). The other allegations refer to violence at protests unrelated to the shooting of Officer Smith. (*See id.* at ¶ 101). However, the shooting of Officer Smith did not take place at a protest. (*See Id.* at ¶ 64); therefore, any alleged unlawful activities related to "Black Lives Matter" protests are simply not relevant for determining Defendants' liability in this action. (*See id.* at ¶ 64).

5

The First Amendment places limits on state tort suits, especially when the Defendants were engaged in speech that addresses matters of public concern. *See Snyder v. Phelps*, 562 U.S. 443, 451 (2011). Even so, the First Amendment does not protect violence. *NAACP v. Claiborne Hardware Co.,* 458 U.S. 886, 916 (1982) ("Certainly violence has no sanctuary in the First Amendment, and the use of weapons . . . may not constitutionally masquerade under the guise of 'advocacy.'" (quoting *Samuels v. Mackell*, 401 U.S. 66, 75 (1971) (Douglas, J., concurring))). "[T]he presence of activity protected by the First Amendment," however, "imposes restraints on the grounds that may give rise to damages liability and on the persons who may be held accountable for those damages." *Id.* at 916–17. While a person may be held liable in tort "for the consequences of [his] violent conduct," a person cannot be held liable in tort "for the consequences of nonviolent, protected activity." *Id.* at 918. "Only those losses proximately caused by unlawful conduct may be recovered." *Id.* To impose tort liability on an individual for the torts of others with whom he associated, a plaintiff must prove that (1) the individual "authorized, directed, or ratified specific tortious activity"; (2) his public speech was "likely to incite lawless action" and the tort "followed within a reasonable period"; or (3) his public speech was of such a character that it could serve as "evidence that [he] gave other specific instructions to carry out violent acts or threats." *Id.* at 927.

Plaintiff's Counsel concedes that the shooter acted alone at a time and place where Defendants were not actively protesting. (Doc. 1 at ¶¶ 63–64). Plaintiff's Counsel's subsequent pleadings in this case also directly contradict the Complaint's

conclusory statements that the shooter was associated with Defendants or inspired by the actions of Defendants. (*See* Doc. 2 at ¶ 7 ("[A]n out of state African American, who has not been shown to be a member of BLACK LIVES MATTER ambushed several Baton Rouge Police offices [sic] with a semi-automatic rifle killing three. The shooter was outraged with the Alton Sterling shooting.")). Accordingly, named Defendants could only be held liable if their public speech was "likely to incite lawless action." *Claiborne Hardware Co.,* 458 U.S at 927.

Based on the facts alleged, Plaintiff's Counsel has failed to plead a plausible claim that Defendants can be held liable for Officer Smith's injuries. Instead, Plaintiff's Counsel simply asserts—without pointing to any supporting facts—that the shooter was acting "as ['Black Lives Matter'] leaders had directed its followers." (Doc. 1 at ¶ 42).[1] This "[t]hreadbare recital[] of the elements" of the cause of action, "supported [with] mere conclusory statements," does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

The Complaint also repeatedly accuses Defendants of failing to disavow violence and defending violent actions. (*See* Doc. 1 at ¶¶ 14, 20, 31). However, failing to disavow violence and defending those who take part in violent acts plainly falls short of the standard for liability established in *Claiborne Hardware Co.,* 458 U.S at 927. Additionally, Plaintiff's Counsel relies in part on private conversations between

---

[1] Conspicuously absent from the twenty-eight page Complaint are references to the shooter, who is mentioned in only a few sentences and never connected—directly or indirectly—to Defendants apart from conclusory statements. (*See* Doc. 1 at ¶¶ 3, 42, 64–65).

7

Defendants to establish liability (*see* Doc. 1 at ¶ 43), but because those private conversations do not include the shooter, they are not relevant to the question of whether Defendants incited or directed the shooter to act. *See Claiborne Hardware Co.,* 458 U.S at 927. Plaintiff's Counsel further seeks to attribute to named Defendants the statements of anonymous protestors (*see* Doc. 1 at ¶ 45). Regardless, the Supreme Court has noted that "[c]ivil liability may not be imposed merely because an individual belonged to a group, some members of which committed [or incited] acts of violence," *Claiborne Hardware Co.,* 458 U.S at 920. The balance of the Complaint largely consists of a meandering history of "Black Lives Matter." Even accepting every well-pleaded allegation in the Complaint as true, Plaintiff's Counsel has failed to plead in the Complaint "factual content that allows the court to draw the reasonable inference that [Defendants are] liable for the misconduct alleged," and thus the claims against Defendants must be dismissed. *Iqbal*, 556 U.S. at 678.

### 2. *Conspiracy*

Although the Complaint does not mention conspiracy, Plaintiff's Counsel's responses to the motions to dismiss allege a conspiracy between Defendants and the shooter. (Doc. 47 at pp. 3–8; Doc. 46 at pp. 2–8). Louisiana law, however, requires as an element of civil conspiracy that "an agreement existed among the defendants to commit the tortious act which caused the plaintiff's injury." *Thames v. Thames*, 50,639 (La. App. 2 Cir. 5/18/16), 196 So. 3d 653, 656. Plaintiff's Counsel has not pleaded that Defendants had any contact either directly or indirectly with the shooter of Officer Smith, much less that Defendants entered into an agreement concerning

8

the shooting. Therefore, any conspiracy claim Plaintiff's Counsel brings or seeks to bring must fail as a matter of law.

In the alternative, the Court finds that Defendants "Black Lives Matter" and "#BlackLivesMatter" are not entities capable of being sued, for the reasons set forth in *Doe*, 2017 WL 4310240, at * 6–7 (taking judicial notice that "Black Lives Matter" and "#BlackLivesMatter" are "*social movement*[s] . . . catalyzed on social media by the persons listed in the Complaint in response to the perceived mistreatment of African–American citizens by law enforcement officers," which are not juridical persons capable of being sued).

### 3. *Leave to Amend*

Plaintiff's Counsel alternatively asks that she be granted leave to amend the Complaint. Rule 15(a) provides that leave to amend should be freely given when justice so requires. "[T]he language of this rule evinces a bias in favor of granting leave to amend," and "[a] district court must possess a 'substantial reason' to deny a request." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). The Court must consider five factors when deciding whether to grant "leave to amend a complaint: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *SGIC Strategic Global Inv. Capital, Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 433 (5th Cir. 2016) (quoting *Smith*, 393 F.3d at 595). An amendment would be futile if "the amended complaint would fail to state a claim

9

upon which relief could be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000).

The Court finds that leave to amend would be futile. *See id.* In response to the Court's Order to Show Cause, Plaintiff's Counsel requests the opportunity to amend the Complaint only to add more of the same: allegations against Defendants unconnected to the incident giving rise to the tragic shooting of Officer Smith.[2] (*See* Doc. 48 at p. 10). Plaintiff' Counsel states that it can provide "more factual allegations about each of the leaders and what each has done personally in his/her role as a founder/leader to invoke violence against police . . . to provide ample evidence that the leaders and founders incited a nation to violence against police." (*Id.* at p. 10). Notably, Plaintiff's Counsel still does not offer to provide any facts that connect the words or actions of named Defendants to the actions of the individual who ultimately shot Officer Smith. Generalized allegations that named Defendants expressed anti-police sentiments, without temporal or causal connection to the shooting, are insufficient to state a plausible claim for relief.

---

[2] Plaintiff also requests leave to amend in order to plead that Defendants "Black Lives Matter" and "#BlackLivesMatter" are juridical persons capable of being sued. (Doc. 48 at p. 2). However, the Court has previously found that leave to amend would be futile on that issue as well. *See Doe*, 2017 WL 4310240, at *7–8.

## V. CONCLUSION

Accordingly,

**IT IS ORDERED** that that the above-captioned matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Failure to State a Claim filed by DeRay McKesson (Doc. 37) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Failure to State a Claim filed by Johnetta Elzie (Doc. 38) is **DENIED** as **MOOT**.

**IT IS FURTHER ORDERED** that the Motion to Proceed under Fictitious Names filed by Officer John Doe Smith (Doc. 2) is **DENIED** as **MOOT**.

Baton Rouge, Louisiana, this 27th day of October, 2017.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**